IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT LEE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-356 (MTT) |
| | ) |
| COLLETTE LEWIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle has conducted a screening of Plaintiff Robert Lee Brown's amended complaint and recommends that only Brown's claim for deliberate indifference to a serious medical need against Defendant Rogan be allowed to proceed for further factual development. Doc. 18 at 2.  The Magistrate Judge recommends dismissing the remainder of Brown's claims without prejudice.  *Id*.  The Magistrate Judge also recommends denying Brown's motion for a preliminary injunction (Doc. 20).  Doc. 22.  Brown filed one document objecting to both recommendations.  Doc. 24.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the recommendations to which Brown objects.

First, Brown objects to the dismissal of his claims against Defendants Collette Lewis and Dr. Moxon Eventic.  *Id*. at 3.  The Magistrate Judge recommended dismissing the claims against Lewis because Brown had not made any allegations against Lewis in his original complaint or either of his two amended complaints.  Brown's objection is nearly incomprehensible, but it appears that he now alleges Lewis ignored a letter about

Brown's injuries. Doc. 24 at 9. Brown does not allege what the letter to Lewis stated or what it requested. Thus, Brown has not properly alleged that Lewis was deliberately indifferent based on this single letter. Brown also asserts that he told Lewis multiple times that his colostomy bag makes his condition worse. *Id*. at 4-5. However, this allegation relates to the wisdom and quality of his treatment and is thus insufficient to establish liability under § 1983. *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Miller v. King*, 384 F.3d 1248, 1251 (11th Cir. 2004). Similarly, Brown asserts that Eventic was not qualified to treat him. Again, this allegation relates to the wisdom and quality of his treatment and is insufficient to establish liability.

Brown also objects to the Magistrate Judge's recommendation that his preliminary injunction be denied. A preliminary injunction is appropriate only when the movant shows: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted). Brown has not argued that each of these elements are satisfied. Thus, his objection is meritless.

After review, the Court accepts and adopts the findings, conclusions, and recommendations in both of the Magistrate Judge's recommendations. The Recommendations (Docs. 18; 22) are **ADOPTED** and made the order of the Court. Accordingly, Brown's motion for a preliminary injunction is **DENIED**, and Brown's claims against Defendants Collette Lewis and Dr. Moxon Eventic are **DISMISSED without**

-3-

**prejudice**.  Brown may pursue his deliberate indifference to a serious medical need claim against Defendant Rogan.

**SO ORDERED**, this 12th day of April, 2022.

<span style="margin-left:50%">S/ Marc T. Treadwell<br>MARC T. TREADWELL, CHIEF JUDGE<br>UNITED STATES DISTRICT COURT</span>