IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT LEE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-356 (MTT) |
| | ) |
| COLETTE LEWIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

As part of what appears to be a "kitchen sink" approach, pro se Plaintiff Robert Lee Brown has filed a document titled "motion for reconsideration."[1]  Doc. 37.  The Court is hesitant to say Brown has moved for reconsideration because the body of his filing reads more like a complaint.  For example, Brown's filing has sections for his legal claims, exhaustion of administrative remedies, and prayer for relief.  *Id*. at 11, 15.  Confusingly, however, Brown's filing also includes summary judgment standard language.  *Id*. at 3.  But Brown has separately moved for summary judgment (Doc. 41), and he has previously moved to amend his complaint (Docs. 9; 11).  Adding to the confusion, Brown dated this filing April 4, 2022, eight days before the Court's order that Brown's motion for reconsideration references.  *Id*. at 16.[2]

---

[1] Brown contemporaneously filed a motion for a preliminary injunction, a motion "in support inform instruct advance," a motion for judgment on the pleadings, a motion for summary judgment, an affidavit, and a motion to appoint counsel.  Docs. 39; 40; 41; 42; 43; 44.

[2] The Court assumes that Brown's motion for reconsideration is regarding the Court's adoption of the Magistrate Judge's recommendations that Brown's claims against Defendants Lewis and Eventic be dismissed and that Brown's motion for a preliminary injunction be denied.  *See* Docs. 18; 22; 33.  Brown

Out of an abundance of caution, the Court assumes that Brown mistakenly wrote the wrong date on his filing and that he did intend this filing to be a motion for reconsideration.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Brown has raised no change in the law, newly discovered evidence, or clear error in the Court's previous order. Accordingly, Brown's Motion for Reconsideration (Doc. 37) is **DENIED**.

**SO ORDERED**, this 25th day of May, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

filed an objection to those recommendations, so it is clear that Brown did not mean for this filing to be an objection to the Magistrate Judge's recommendations. Doc. 24.